CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 12, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Marshall Dale Jones, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:25-cv-00438 |
| ) | |
| Kayla Helton *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marshall Dale Jones, an incarcerated individual proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Jones complains that he received delayed and inadequate care for a broken hand in violation of his constitutional rights. (Dkt. 1.) Jones's claims arise under the Fourteenth Amendment because he was a pretrial detainee during the time relevant to this action. One of the named Defendants, Kayla Helton, filed a motion to dismiss her from this action.[1] (Dkts. 28, 29.) Because Jones's allegations against Helton do not indicate a viable § 1983 claim, the court will grant the motion to dismiss.

**I.    Background**

Jones originally filed a complaint that named Defendants but did not specify any particular actions or inactions of any individuals. (Dkt. 1.) Accordingly, the court issued an order that advised Jones of the need to state the particular actions or inactions of each named Defendant and granted Jones an opportunity to do so in an amended complaint. (Dkt. 7.)

---

[1] Other Defendants have filed answers, so this action will proceed as to the Defendants other than Helton.

- 1 -

The court told Jones that the amended complaint would replace his original complaint and that any Defendant would be dismissed from this action if no actions or inactions of that Defendant were described.  (*Id.* at 2.)  Jones then submitted an amended complaint that did describe actions of some of the Defendants (Dkt. 11), but no action or inaction of Defendant Helton was identified in the amended complaint (or its attachments).

## II.    Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)).  In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally.  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are not, however, without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.   Analysis

As the court previously advised, dismissal of a defendant is warranted when the complaint fails to identify any of their actions or inactions. To state a viable claim pursuant to 42 U.S.C. § 1983, a "plaintiff must plead that each Government-official defendant, through the Official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff must show direct personal involvement by each particular defendant. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations"). Further, a viable § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Dismissal is appropriate when defendants are referenced only in the caption of the case. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant . . . the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Jones's amended complaint does not mention Helton except in the case caption.

Jones opposed the motion to dismiss Helton from this action. (Dkt. 34.) He indicates in his response[2] that he named Helton because she is an administrator and because she

---

[2] Parties cannot amend their pleadings through briefing. Indeed, it is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (quoting *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)); *see also Bell v. True Mfg. Co.*, No. 2:20-cv-00263, 2020 WL 10095356, at *4 (E.D. Va. Sept. 16, 2020) ("Plaintiff may not use her opposition brief as a vehicle for alleging facts not present in her Complaint."). Nonetheless, the court addresses Jones's arguments here because they do not merit that the court offer *sua sponte* an opportunity for further amendment. The court also reviewed

supervises Grizzle. (*Id.* at 1.) Liability is not appropriate simply because a defendant is in charge or has oversight authority. *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*"); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). Further, Jones did not allege facts indicating a viable claim of supervisory liability.

Additionally, to state a claim under § 1983, a plaintiff must plead that each defendant, through his or her own individual actions, violated the Constitution. *Iqbal*, 556 U.S. at 676. Therefore, Jones's argument that Helton is responsible because she answered grievances is not availing. (Dkt. 34 at 1.)[3] A defendant's after-the-fact grievance responses to prior claimed violations do not support a viable claim. *See Washington v. McAuliffe*, No. 7:16-cv-00476, 2018 WL 401903, at *9 (W.D. Va. Jan. 12, 2018); *Johnson v. Clarke*, No. 7:20-cv-00717, 2021 WL 1536585, at *2 (W.D. Va. Apr. 19, 2021) (noting "it is well-established that a response to a grievance (or failure to respond to a grievance), without more, does not give rise to a constitutional claim"). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Accordingly, Plaintiff failed to state a plausible claim of entitlement to relief against Defendant Helton in the amended complaint. Because no facts are asserted in the amended complaint relating to Helton, the court will dismiss her without prejudice.

---

all of Jones's submissions in this case, including Dkts. 1, 24, 36, 41, and 47, and none contain specific factual allegations (as opposed to the general conclusory contention that Helton was aware of his predicament) against Helton.

[3] None of the grievances attached to the amended complaint indicate any involvement of Helton.

- 4 -

## IV.     Conclusion and Order

For the above-stated reasons, the court **GRANTS** Defendant Helton's motion to dismiss, (Dkt. 28), and **DISMISSES** her from this action without prejudice.  This action shall proceed as to the remaining claims against the other Defendants.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Jones.

**IT IS SO ORDERED**.

**ENTERED** this 12th day of March, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE